IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL MANN,** | ) | **CASE NO. 8:08CV431** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **CITY OF LINCOLN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on September 26, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff's Complaint names six defendants, including the City of Lincoln, Nebraska, the Lincoln, Nebraska, Police Department and four individuals. (Filing No. 1 at CM/ECF pp. 1-2.) The individual Defendants, Prosecutor Amy Jacobson, Jane Doe, John Doe, and Jan Doe, are sued in both their individual and official capacities. (*Id*. at CM/ECF pp. 1-2.) Plaintiff is currently in the custody of the Nebraska Department of Correctional Services in Lincoln, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges Defendants City of Lincoln and the Lincoln Police Department "engaged in a policy and practice of inadequate screening for suitability of employment and supervision of it's [sic] officers." (*Id*. at CM/ECF p. 3.) Plaintiff alleges this practice enabled officers to use excessive force during Plaintiff's arrest. (*Id*. at CM/ECF p. 3-4.) Plaintiff also alleges this practice was the moving force behind his

injury, and that the municipality's policy-making officials received notice of the misconduct but were deliberately indifferent. (*Id*. at CM/ECF pp. 5-6.)

In addition, Plaintiff alleges that because of his race he was "singled out" and prosecuted based on conduct for which other "similarly situated" individuals were not prosecuted. (*Id*. at CM/ECF p. 5.) Further, Plaintiff alleges Defendants are liable for assault, false arrest, false imprisonment, intentional infliction of emotional distress, defamation, and malicious prosecution. (*Id*. at CM/ECF pp. 6-7.)

Plaintiff seeks compensatory damages in the amount of $10,000.00, punitive damages, and attorney's fees. (*Id*. at CM/ECF pp. 7-8.) Plaintiff also seeks injunctive relief in the form of a court order that directs the Defendants to stop "depriving Plaintiff of his civil rights and subjecting him to assult [sic], false arrest and malicious prosecution." (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp.*

2

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Failure to Screen, Train, or Supervise Officers Claim

Plaintiff alleges that the City of Lincoln Nebraska and the Lincoln Police Department do not adequately screen, train or supervise their officers. (Filing No. 1 at CM/ECF p. 3.) The court liberally construes claims against the Lincoln Police Department as claims against the City of Lincoln. As a municipal defendant, the City of Lincoln may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An

"official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe,* 901 F.2d at 646.

Here, Plaintiff alleges Defendants do not adequately screen, train or supervise their officers. (Filing No. 1 at CM/ECF p. 3.) Plaintiff alleges this practice has enabled Lincoln police officers routinely to use excessive force during arrests. (*Id.* at CM/ECF pp. 1, 3-4.) Plaintiff also alleges this practice was the moving force behind his injury, and that the municipality's policy-making officials received notice of the misconduct but were deliberately indifferent. (*Id.* at CM/ECF pp. 5-6.) Liberally construed, Plaintiff has set forth enough facts to nudge his claim across the line from conceivable to plausible under parts one and three of the *Jane Doe* standard. However, Plaintiff failed to explain how the municipality's policy making officials received notice of the alleged misconduct. Plaintiff merely states the policy making officials received notice. This allegation, without more,

4

does not nudge Plaintiff's municipal custom claim across the line from conceivable to plausible. However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint clearly to state a claim upon which relief can be granted against Defendant City of Lincoln and to describe how the city's policy-making officials received notice of the alleged misconduct. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Malicious Prosecution Claim

The court liberally construes Plaintiff's Complaint to allege a malicious prosecution claim against Defendant Jacobson. (*Id*. at CM/ECF pp. 2, 4, 6-7.) "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id*. at 1267.

5

The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Plaintiff alleges that Defendant Jacobson maliciously prosecuted him for crimes that he did not commit. (Filing No. 1 at CM/ECF p. 4.) However, Plaintiff does not allege facts to suggest that Defendant Jacobson's actions were "investigatory or administrative" rather than "prosecutorial." As such, Defendant Jacobson enjoys absolute prosecutorial immunity and Plaintiff's malicious prosecution claim is dismissed with prejudice.

**C.     Equal Protection Claim**

The court also liberally construes Plaintiff's Complaint to allege an equal protection claim. "'[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause . . . .'" *Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)). However, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Olyer v. Boles*, 368 U.S. 448, 456 (1962). Thus, in order to recover on a selective prosecution claim, a plaintiff must demonstrate (1) that he has been "singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted," and (2) "that the government's discriminatory selection of him for prosecution was based upon an impermissible ground, such as race, religion or his exercise of his first amendment right to free speech." *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978).

Plaintiff alleges that because of his race, he "was singled out" and prosecuted based on conduct for which other similarly situated individuals were not prosecuted. (Filing No. 1 at CM/ECF p. 5.) However, Plaintiff fails to allege the type of conduct that resulted in his prosecution. In addition, Plaintiff fails to identify the other similarly situated individuals. In short, Plaintiff does not set forth enough factual allegations to nudge his equal protection claim across the line from conceivable to plausible. As with Plaintiff's claims against the municipalities, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants by sufficiently describing the type of conduct that led to his prosecution and the identities of the similarly situated individuals. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### D.   State Law Claims

Liberally construing the Complaint, Plaintiff may have claims for violations of state law such as false arrest, false imprisonment, intentional infliction of emotional distress, and defamation. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims. In the event that Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1. Plaintiff's malicious prosecution claim against Defendant Amy Jacobson is dismissed with prejudice;

2. Plaintiff shall have until **January 29, 2009**, to amend his Complaint to state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted;

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **January 29, 2009**, and dismiss if not filed; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 30th day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge